## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE:

ACCESS 4 ALL INCORPORATED, a
Florida Not for Profit Corporation; FABIOLA
MUNOZ, and CARLOS CUESTA

       Plaintiffs,

v.

GULFSTREAM PARK RACING
ASSOCIATION, INC., THE VILLAGE AT
GULFSTREAM PARK, LLC; and
GULFSTREAM PARK TOWER LLC,

       Defendants.

_____/

## **COMPLAINT**

      Plaintiffs, ACCESS 4 ALL INCORPORATED, a Florida Not for Profit Corporation (sometimes referred to as "Access"), FABIOLA MUNOZ, AND CARLOS CUESTA individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiffs"), sues GULFSTREAM PARK RACING ASSOCIATION, INC.; THE VILLAGE AT GULFSTREAM PARK, LLC; and GULFSTREAM PARK TOWER LLC (hereinafter "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES, AND VENUE

      1.    This is an action for declaratory and injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

      2.    The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4.      Plaintiff, ACCESS 4 ALL INCORPORATED, is a Florida Not for Profit Corporation, formed under the laws of the State of Florida, and maintains its principal office at Torrence, California.

5.      Plaintiff, ACCESS 4 ALL INCORPORATED's enjoys association standing as members of the group include individuals with disabilities as defined by the ADA and are representative of a cross-section of the disabilities protected from discrimination by the ADA. ACCESS 4 ALL INCORPORATED represents the interests of its members through ensuring places of public accommodation are accessible to disabled persons and its members; and that disabled persons and its members are not discriminated against or denied access because of their disabilities. One of more of its members has suffered an injury that would allow them to bring suit in their own right. ACCESS 4 ALL INCORPORATED has also been discriminated against because its association with its disabled members and their claims. Members of ACCESS 4 ALL INCORPORATED, including FABIOLA MUNOZ and CARLOS CUESTA, encountered and/or observed barriers at the subject property.

6.      Plaintiff, FABIOLA MUNOZ ("Munoz"), is an individual over eighteen (18) years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris.* She is a member of ACCESS 4 ALL INCORPORATED.

7.      Plaintiff, CARLOS CUESTA ("Cuesta"), is an individual over eighteen years of age, residing in Miami-Dade County, Florida, and is otherwise *sui juris.* He is a member of ACCESS 4 ALL INCORPORATED.

8.      At all times material, Defendant, GULFSTREAM PARK RACING ASSOCIATION, INC., owned and operated a commercial retail center at 901 S. Federal Hwy, Hallandale, Florida[1] (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Broward County, Florida. The Commercial Property holds itself out to the public as "Gulfstream Park."

9.      At all times material, Defendant, GULFSTREAM PARK RACING ASSOCIATION, INC., was a Profit Corporation, incorporated under the laws of the State of Florida, with its principal place of business in Hallandale, Florida.

10.     At all times material, Defendant, THE VILLAGE AT GULFSTREAM PARK, LLC, leased and operated a commercial retail center at 600 Silks Run, Hallandale Beach, Florida[2] (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Broward County, Florida. The Commercial Property holds itself out to the public, jointly with GULFSTREAM PARK RACING ASSOCIATION, INC., as "Gulfstream Park."

11.     At all times material, Defendant, THE VILLAGE AT GULFSTREAM

---

[1] The property owned by GULFSTREAM PARK RACING ASSOCIATION, INC. is actually comprised of several parcels whose addresses also include 600 Silks Run, Hallandale, Florida and 501 S. Federal Hwy, Hallandale, Florida. Several of these parcels also share their addresses with each other but are identified as separate parcels pursuant to Broward County Property Appraiser's Records. Although the parcels are distinct in the tax records, all the parcels operate as one contiguous property. Visitors to the property would have no indication of the change in parcels. Moreover, the facilities all share a common website recording the events and amenities available at the Property, including a list of shops, restaurants, entertainment, live music events at the Property and events at the racetrack.

[2] THE VILLAGE AT GULFSTREAM PARK, LLC. has recorded ground lease of the property and the property is actually comprised of several parcels whose addresses include 600 Silks Run, Hallandale, Florida and 501 S. Federal Hwy, Hallandale, Florida. Several of these parcels also share their addresses with each other but are identified as separate parcels pursuant to Broward County Property Appraiser's Records. Although the parcels are distinct in the tax records, all the parcels operate as one contiguous property. Visitors to the property would have no indication of the change in parcels. Moreover, the facilities all share a common website recording the events and amenities available at the Property, including a list of shops, restaurants, entertainment, live music events at the Property and events at the racetrack.

PARK, LLC, was a Limited Liability Company, incorporated under the laws of the State of Delaware.

12.     At all times material, Defendant, GULFSTREAM PARK TOWER LLC, owned and operated a commercial retail property located at 600 Silks Run, Hallandale Beach, Florida (hereinafter, and together with the above, the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Broward County, Florida. Defendant GULFSTREAM PARK TOWER LLC holds itself out to the public as "Gulf Stream Park."

13.     At all times material, Defendant, GULFSTREAM PARK TOWER LLC, was a Florida Limited Liability Company, incorporated under the laws of the State of Florida, with its principal place of business in Hallandale Beach, Florida.

14.     Venue is properly located in the Southern District of Florida because Defendants' Commercial Property is located in Broward County, Florida, Defendants regularly conduct business within Broward County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Broward County, Florida.

FACTUAL ALLEGATIONS

15.     Although over thirty (30) years have passed since the effective date of Title III of the ADA, Defendants have yet to make its facilities accessible to individuals with disabilities.

16.     Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992.   In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants'

businesses and properties.

17.    Congress enacted the ADA in 1990 to remedy widespread discrimination against disabled individuals.  In studying the need for such legislation, Congress found that "historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem."  42 U.S.C. §12101(a)(2); *See also,* 42 U.S.C. § 12101(a)(3) ("Discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services").

18.    Congress noted that the many forms such discrimination takes include "outright intentional exclusion" as well as the "failure to make modifications to existing facilities and practices." 42. U.S.C. § 12101(a)(5).  After thoroughly investigating the problem, Congress concluded that there was a "compelling need [for a] clear and comprehensive national mandate" to eliminate discrimination against disabled individuals, and to integrate them "into the economic and social mainstream of American life."  S. Rep. No. 101-116, p. 20 (1989); H.R. Rep. No. 101-485, pt. 2, p. 50 (1990), U.S. Code Cong. & Admin. News 1990, pt. 2, pp. 303, 332.

19.    The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

20.    Plaintiff, FABIOLA MUNOZ, is an individual with disabilities as defined by and pursuant to the ADA.  FABIOLA MUNOZ uses a wheelchair to ambulate. FABIOLA MUNOZ is a paraplegic with a fracture of her T-12 that caused loss of use to her lower

extremities. She is limited in her major life activities by such, including but not limited to walking and standing.

21.     Plaintiff, CARLOS CUESTA, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff CARLOS CUESTA is, among other things, a hemiplegic with partial paralysis on his left side of the body. His mobility is limited and can only stand for short intervals. He also has great deal of trouble walking more than short distances. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

22.     Defendants, GULFSTREAM PARK RACING ASSOCIATION, INC. and GULFSTREAM PARK TOWER LLC, own, operate and oversee the Commercial Property, its general parking lot and parking spots.

23.     The subject Commercial Property is open to the public and is located in Hallandale, Florida.

24.     The subject Commercial Property is a "vast" entertainment destination featuring horse racing, a casino featuring over 800 Vegas style slot machines and "South Florida's finest poker room with over 20 live action tables," "a plethora of signature home stores, an international array of restaurants, world-class art galleries, a bowling alley, outdoor cafes and nightclubs, fashion boutiques, and health and beauty services." The Commercial Property bills itself as "one of the most important venues for horse racing in the country." Gulfstream Park, https://www.gulfstreampark.com/info/about-gulfstream-park (last visited July 28, 2021).

25.     In spite of the fact that over thirty (30) years have passed since Congress enacted the ADA, the Defendants' Commercial Property continues to flout compliance with

the ADA and disabled individuals' equal access to the Commercial Property and place of public accommodation.

26.     Defendant, GULFSTREAM PARK RACING ASSOCIATION, INC., has been named as a defendant in at least five (5) lawsuits alleging ADA violations and barriers to access on the property, yet barriers to access persist at the Commercial Property to this day.

27.     The Plaintiff FABIOLA MUNOZ visits the Commercial Property and businesses located within the Commercial Property, regularly, to include a visit to the Commercial Property and businesses located within the Commercial Property on or about July 1, 2021 and encountered and/or observed multiple violations of the ADA that directly affected her ability to use and enjoy the Commercial Property and businesses located therein. She often visits the Commercial Property and businesses located within the Commercial Property in order to avail herself of the goods and services offered there, and the Commercial Property is located approximately forty-one (41) miles from her residence, as well as other businesses and restaurants she frequents as a patron.   Plaintiff FABIOLA MUNOZ frequents the subject Commercial Property a couple of times per month and intends to return to the property in the next few weeks and certainty within the next two (2) months More specifically Plaintiff FABIOLA MUNOZ intends to revisit on or before September 19, 2021 and regularly thereafter.

28.     The Plaintiff CARLOS CUESTA visits the Commercial Property and businesses located within the Commercial Property, regularly, to include a visit to the Commercial Property and businesses located within the Commercial Property on or about June 2, 2021, July 1, 2021 and July 20, 2021 and encountered and/or observed  multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial

7

Property and businesses located therein.   He often visits the Commercial Property and businesses located within the Commercial Property in order to avail himself of the goods and services offered there, and the Commercial Property is located approximately thirty-seven (37) miles from his residence, as well as other businesses and restaurants he frequents as a patron.   Plaintiff CARLOS CUESTA frequents the subject Commercial Property several times per month and intends to return to the property in the next few weeks and regularly attends the live music events and certainty within the next two (2) months. More specifically Plaintiff CARLOS CUESTA intends to revisit on or before September 19, 2021 and regularly thereafter.

29.     Plaintiffs reside nearby in a the neighboring County and the same state as the Commercial Property and the businesses located within the Commercial Property, regularly frequented the Defendants' Commercial Property and the businesses located within the Commercial Property[3] for the intended purposes because of the proximity to their homes and other businesses that they frequent as a patrons, and intend to return to the Commercial Property and businesses located within the Commercial Property within two (2) months from the filing of this Complaint. More specifically Plaintiff FABIOLA MUNOZ intends to revisit on or before September 19, 2021 and regularly return prior to and after the September 19, 2021 Weekend.

30.     Plaintiff CARLOS CUESTA intends to revisit on or before September 19, 2021 and regularly return prior to and after the September 19, 2021.

---

[3] During their multiple visits to the Commercial Property, in addition to the parking, and general common areas, Plaintiffs visited multiple stores and restaurants including, but not limited to, La Pizzeria, Haagen-Dazs, Pastry is Art, West Elm, Pottery Barn, Crate and Barrel and Christine Lee's.

31.     The Plaintiffs found the Commercial Property, and the businesses located within the Commercial Property to be rife with ADA violations.   The Plaintiffs encountered and/or observed architectural barriers at the Commercial Property, and businesses located within the Commercial Property and wishes to continue their patronage and use of the commercial premise and business located therein.

32.     The Plaintiffs have encountered and/or observed architectural barriers that are in violation of the ADA at the subject Commercial Property, and businesses located within the Commercial Property. The barriers to access at Defendants' Commercial Property, and the businesses located within the Commercial Property have each denied or diminished Plaintiffs' ability to visit the Commercial Property, and businesses located within the Commercial Property, and have endangered her safety in violation of the ADA.   The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiffs, FABIOLA MUNOZ and CARLOS CUESTA, the members Plaintiff ACCESS 4 ALL INCORPORATED and others similarly situated.

33.     Defendants, GULFSTREAM PARK RACING ASSOCIATION, INC. and GULFSTREAM PARK TOWER LLC., own and operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.     Defendants, GULFSTREAM PARK RACING ASSOCIATION, INC. and GULFSTREAM PARK TOWER LLC., are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants, GULFSTREAM PARK RACING ASSOCIATION, INC. and GULFSTREAM PARK TOWER LLC, own and operate is located at Hallandale, Florida.

34.     Plaintiffs, ACCESS 4 ALL INCORPORATED., FABIOLA MUNOZ and

CARLOS CUESTA, have a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and the businesses located within the Commercial Property, including but not necessarily limited to the allegations in Count I of this Complaint. Plaintiffs FABIOLA MUNOZ and CARLOS CUESTA, have reasonable grounds to believe that they will continue to be subjected to discrimination at the Commercial Property, and businesses located within the Commercial Property, in violation of the ADA. Plaintiff ACCESS 4 ALL INCORPORATED., has reasonable grounds to believe that their members will continue to be subjected to discrimination at the Commercial Property, and businesses located within the Commercial Property, in violation of the ADA. Plaintiffs desire to visit the Commercial Property and businesses located therein, not only to avail themselves of the goods and services available at the Commercial Property, and businesses located within the Commercial Property, but to assure themselves that the Commercial Property and businesses located within the Commercial Property are in compliance with the ADA, so that they, Plaintiff ACCESS 4 ALL INCORPORATED's members and others similarly situated will have full and equal enjoyment of the Commercial Property, and businesses located within the Commercial Property without fear of discrimination.

35.     Defendants, GULFSTREAM PARK RACING ASSOCIATION, INC. GULFSTREAM PARK TOWER LLC, as landlord and owners of the Commercial Property, are jointly and severally responsible and liable for all ADA violations listed in this Complaint.

36.     Plaintiffs, have a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and businesses located within the Commercial Property, but

not necessarily limited to the allegations in Counts I and II of this Complaint.   Plaintiffs have reasonable grounds to believe that they and ACCESS 4 ALL INCORPORATED's members will continue to be subjected to discrimination at the Commercial Property, and businesses within the Commercial Property, in violation of the ADA. Plaintiffs desires to visit the Commercial Property and businesses within the Commercial Property, not only to avail themselves of the goods and services available at the Commercial Property and businesses located within the Commercial Property, but to ensure that the Commercial Property, and businesses located within the Commercial Property are in compliance with the ADA, so that they and others similarly situated will have full and equal enjoyment of the Commercial Property, and businesses located within the Commercial Property without fear of discrimination.

37.     Defendants have discriminated against the individual Plaintiffs individual and as members of ACCESS 4 ALL INCORPORATED by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, and businesses located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 *et seq*, in the manner described below in Count I and II.

### COUNT I – ADA VIOLATIONS
### AS TO GULFSTREAM PARK RACING ASSOCIATION, INC. AND
### GULFSTREAM PARK TOWER LLC

38.     The Plaintiffs adopt and re-alleges the allegations set forth in paragraphs 1 through 37 above as though fully set forth herein.

39.     Defendants, GULFSTREAM PARK RACING ASSOCIATION, INC. and GULFSTREAM PARK TOWER LLC, have discriminated, and continue to discriminate,

against Plaintiffs in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiffs encountered and/or observed during their visit to the Commercial Property, include but are not limited to, the following:

A.   <u>Parking and Exterior Accessible Route</u>

i.   Accessible spaces are not located on compliant accessible routes. This prevented group members, including MUNOZ and CUESTA from accessing various facilities served by multiple surface lots, sidewalk adjacent spaces and a parking garage. All areas contain elements violating the ADAAG as well as 2010 ADAS Sections 403 and 502, repair is readily achievable.

ii.   Gulfstream has many accessible parking spaces lacking compliant signage which made it difficult for MUNOZ and CUESTA to identify accessible parking spaces. Several spaces lack clear level aisles with slopes or abrupt changes of level in some spaces, violating Section 502 of the 2010 ADA Standards. This Condition prevented MUNOZ and CUESTA from safely transferring to and from their vehicles and forced them to park in more distant areas and using two ("2") spaces to be able to unload on several occasions.

iii.   Gulfstream lacks a compliant accessible route to the adjacent street, sidewalk and public transit preventing MUNOZ and CUESTA from accessing the property from these areas and violating Section 206.2.1 of the 2010 ADAAS.

B.   <u>Entrance Access and Path of Travel</u>

i.   Ramps leading to and through the racetrack, casino, village and recreation areas have excessive slopes and/or lack proper handrails which endangered MUNOZ and CUESTA

12

and violated 2010 ADAS Section 405. Cross slopes, changes of level and paths under 36"
impeded MUNOZ and CUESTA's travel to and through these areas on walkways, as well
as from the street, sidewalk and public transit violating ADA Sections 303, 304 and 403.

C. Access to Goods and Services

i.  The racetrack, casino and village shops fail to make reasonable accommodations in
policies, practices and procedures to provide full and equal enjoyment of disabled
individuals failing to maintain the elements required to be accessible and usable by
persons with disabilities violating Section 36.211 of the ADAAG and the 2010 ADA
Standards.

ii. Gulfstream fails to provide compliant accessible routes to race viewing, dining and
recreational areas including the beach bars and other spaces preventing Plaintiffs' use and
violating ADA accessibility requirements.

iii. MUNOZ could not access various racetrack, casino and village shop counters or tables
with obstructed surfaces or knee/toe space and/or with some at excessive heights, violating
ADAAG and 2010 ADAS Sections 305, 306 and 308.

iv. MUNOZ and CUESTA could not use several bars, slot machines and dining surfaces
inaccessible due to height and/or obstruction violating the ADAAG and 2010 ADAS.
Accessible machines and counters were closed and/or deactivated leaving only
inaccessible units.

D. Access to Betting Services

i.  Gulfstream race book fails to make reasonable accommodations in policies, practices and
procedures to provide full and equal enjoyment of disabled individuals and does not
maintain the elements required to be accessible and usable by persons with disabilities

violating Section 36.211 of the ADAAG and the 2010 ADA Standards.

ii.    The wagering area fails to provide accessible routes to the cashier area and self-service kiosks preventing   use by MUNOZ and CUESTA and violating ADA accessibility requirements.

iii.    Plaintiff MUNOZ could not access the cashier counter, viewing area tables, betting kiosks, information sheets and writing surfaces which are inaccessible to the Plaintiffs and violate various ADAAG and 2010 ADAS requirements.

E.    Access to Restrooms

i.    Gulfstream Park Racetrack, Casino and Village Shops provides restrooms in various locations of the common space as well as within tenant spaces. MUNOZ and CUESTA could not use accessible stalls without assistance where doors are not self-closing, lack hardware or maneuvering space in 2010 ADAS Sections 404 and 604, repair is readily achievable.

ii.    Numerous coat hooks, soap and towel dispensers are beyond reach and several flush controls are not on the open side violating 2010 ADAS Sections 308, 603 and 604.

iii.    Prevented use by Plaintiffs MUNOZ and CUESRA of the restrooms without delay where over 6 fixtures create excessive demand with no ambulatory stall, violating Section 604.8 of the 2010 ADAS.

iv.    Plaintiffs MUNOZ and CUESTA could not use designated accessible restroom toilet paper and seat cover dispensers as they were beyond reach and several lavatories lacked required insulation or have obstructed knee and toe space violating Sections 603, 604 and 606 of the 2010 ADAS, and prevented use by Plaintiffs MUNOZ and CUESTA.

v.    Plaintiffs MUNOZ and CUESTA members could not use designated accessible restroom

water closets lacking proper grab bars or transfer space violating Section 604 of the 2010 ADAS.

### COUNT II – ADA VIOLATIONS
### AS TO GULFSTREAM PARK RACING ASSOCIATION, INC. AND THE
### VILLAGE AT GULFSTREAM PARK, LLC

40.     The Plaintiffs adopt and re-alleges the allegations set forth in paragraphs 1 through 37 above as though fully set forth herein.

41.     Defendants, GULFSTREAM PARK RACING ASSOCIATION, INC. and THE VILLAGE AT GULFSTREAM PARK, LLC have discriminated, and continue to discriminate, against Plaintiffs in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   A list of the violations that Plaintiffs encountered and/or observed during their visit to the Commercial Property, include but are not limited to, the following:

A.   Parking and Exterior Accessible Route

i.    Accessible spaces in the garage are not located on compliant accessible routes. This impeded Plaintiffs MUNOZ and CUESTA's access to the facilities. The area is also served by multiple surface lots, as well as sidewalk adjacent spaces. The foregoing violate the ADAAG and 2010 ADAS Sections 403 and 502, repair is readily achievable.

ii.   Many accessible parking spaces lacked compliant signage. This condition made is difficult for Plaintiffs MUNOZ and CUESTA to identify accessible parking spaces. Several accessible parking spaces lacked clear level aisles with slopes or abrupt changes of level in some spaces, violating Section 502 of the 2010 ADA Standards. These conditions prevent Plaintiffs MUNOZ and CUESSTA from safely transferring to and from

their vehicles and forcing them to park in more distant areas and using two ("2") spaces to be able to unload on several occasions.

iii.   The Village lacks a compliant accessible route to the adjacent street, sidewalk and public transit which prevented Plaintiff MUNOZ from accessing the property from these areas and violating Section 206.2.1 of the 2010 ADAAS.

B.   Entrance Access and Path of Travel

i.   Ramps and walkways leading to shopping and restaurant areas from the racetrack, casino and recreational areas and connecting the stores, restaurants and common areas have excessive slopes and/or lack proper handrails which endangered the safety of Plaintiffs MUNOZ and CUESTA, and violated 2010 ADAS Section 405. Cross slopes, changes of level and paths under 36" impeded Plaintiff's MUNOZ and CUESTA's travel to and through these areas on walkways and ramps, as well as from the street, sidewalk and public transit violating ADAS Sections 303, 304 and 403.

C.   Access to Goods and Services

i.   The restaurants and stores fail to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals failing to maintain the elements required to be accessible and usable by persons with disabilities violating Section 36.211 of the ADAAG and the 2010 ADA Standards.

ii.   The Defendants fail to provide compliant accessible routes to common areas, dining and recreational areas including The Pegasus Statue, Courtyard Play Areas, Common Area Restrooms and other spaces preventing use by Plaintiffs MUNOZ and CUESTA and violating ADAAG requirements.

iii.   Plaintiffs MUNOZ and CUESTA could not access various shop counters, bars and dining

tables in restaurants and stores with obstructed surfaces or knee/toe space and/or some at excessive heights, violating ADAAG and 2010 ADAS Sections 305, 306 and 308.

iv.   Plaintiffs MUNOZ and CUESTA could not use several attractions, video gaming machines, bowling and other inaccessible activity areas due to improper routes to access or use, height and/or obstruction violating the ADAAG and 2010 ADAS. Accessible routes and counters were closed or obstructed leaving only inaccessible units.

D.  Access to Restrooms

i.   There are restrooms in common areas and tenant spaces. Plaintiffs MUNOZ and CUESTA could not use accessible stalls without assistance. Doors are not self-closing, lack hardware or maneuvering space in 2010 ADAS Sections 404 and 604, repair is readily achievable.

ii.   Numerous coat hooks, soap and towel dispensers are beyond reach and several flush controls are not on the open side violating 2010 ADAS Sections 308, 603 and 604.

iii.   Plaintiffs MUNOZ and CUESTA could not use restrooms without delay where over 6 fixtures create excessive demand with no ambulatory stall violating Section 604.8 of the 2010 ADAS.

iv.   Plaintiffs MUNOZ and CUESTA could not use designated accessible restroom toilet paper and seat cover dispensers where beyond reach and several lavatories lacks required insulation or have obstructed knee and toe space violating Sections 603, 604 and 606 of the 2010 ADAS.

v.   Plaintiff MUNOZ could not use designated accessible restroom water closets lacking proper grab bars or transfer space violating Section 604 of the 2010 ADAS.

## RELIEF SOUGHT AND THE BASIS

42.     The discriminatory violations described in Counts I and II of this Complaint are not an exclusive list of the Defendants' ADA violations. Plaintiffs request an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiffs further request to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiffs, from further ingress, use, and equal enjoyment of the Commercial Business and businesses located within the Commercial Property; Plaintiffs request to be physically present at such inspection in conjunction with Rule 34 and timely notice. A complete list of the Subject Premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

43.     The Plaintiffs, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' building(s), businesses and facilities; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above.   The Plaintiffs, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiffs require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

44.     Defendants have discriminated against the Plaintiffs by denying them access

18

to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.   Furthermore, the Defendants continue to discriminate against Plaintiffs, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

45.     Plaintiffs are without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought.   Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiffs.   Plaintiffs have retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

46.     Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, The Plaintiffs and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

47.     Notice to Defendants is not required as a result of the Defendants' failure to

cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiffs or waived by the Defendants.

48.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to alter the property where Defendants operates their businesses, located at and/or within the Commercial Property located in Hallandale Florida, the exterior areas, and the common exterior areas of the Commercial Property and businesses located within the Commercial Property, to make those facilities readily accessible and useable to the Plaintiffs and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure the violations of the ADA.

WHEREFORE, The Plaintiffs, ACCESS 4 ALL INCORPORATED., FABIOLA MUNOZ, and CARLOS CUESTA respectfully request that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation

expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: August 4, 2021

**GARCIA-MENOCAL & PEREZ, P.L.**
*Co-Counsel for Plaintiffs*
4937 S.W. 74th Court
Miami, Florida 33155
Telephone: (305) 553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mails: bvirues@lawgmp.com and dperaza@lawgmp.com

By: ___/s/  Anthony J. Perez_____
     ANTHONY J. PEREZ
     Florida Bar No.: 535451

**FULLER, FULLER & ASSOCIATES, P.A.**
*Co-Counsel for Plaintiffs*
120000 Biscayne Blvd., Suite 502
North Miami, Florida 33181
Telephone: (305) 891-5199
Facsimile: (305) 839-9505
Email: jp@fullerfuller.com

By:___/s/  John Paul Fuller_____
     JOHN PAUL FULLER
     Florida Bar No. 0276847